UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUDOLPH PRESTON MAES, | ) | NO. CV 09-6142-CJC (AGR) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| K. HARRINGTON, | ) | |
| Respondent. | ) | |

On March 9, 2009, Petitioner filed a Petition ("First Petition") for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in *Maes v. Harrington*, Case No. 09-1617-CJC (AGR) ("*Maes I*"). On July 27, 2009, Respondent filed a motion to dismiss based on the statute of limitations; the motion is still pending. *Maes I*, Dkt. No. 12.

On August 21, 2009, Petitioner filed another Petition ("Second Petition") for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the instant case.

Both petitions challenge the same conviction. (First Petition at 2; Second Petition at 2.) The First Petition lists only one ground. (First Petition at 5.) Petitioner alleges he was misrepresented, that he pled not guilty by reason of insanity, that he was mentally incompetent, and that the judge "illegally

prosecuted" him by finding him guilty. (*Id.*) The Second Petition lists five grounds. (Second Petition at 5-6.) Ground One alleges ineffective assistance of counsel because his counsel never "helped me fight my case" and never told Petitioner "whats (sic) going on." (*Id.* at 5.) Ground Two alleges that Petitioner pled guilty by reason of insanity and his counsel "never fought my case he let the judge just sentence me to 9 years." (*Id.*) Ground Three alleges that Petitioner was mentally incompetent to stand trial and that his counsel "never helped me to fight my case." (*Id.* at 6.) Ground Four alleges that Petitioner was a "victim of the crime." (*Id.*) Ground Five alleges that Petitioner was wrongfully convicted because his counsel "did not fight my case with me." (*Id.*)

Thus, the Second Petition arguably broadens Petitioner's claims for relief without eliminating any claims alleged in the First Petition. Therefore, the Court believes that Petitioner intended to amend the First Petition rather than initiate a new case.

IT IS THEREFORE ORDERED that, on or before **October 1, 2009**, Petitioner shall show cause, if any, why this Court should not deem the Second Petition a First Amended Petition in *Maes I* and recommend dismissal without prejudice of the Second Petition. *See Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("the district court may exercise its discretion to dismiss a duplicative later-filed action"), *cert. denied*, 128 S. Ct. 807 (2007); *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) ("A litigant has no right to maintain a second action duplicative of another." & "When a plaintiff files a second complaint alleging the same claim as a prior, pending, related action, the second complaint may be dismissed."); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation"); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ("This concern

1  with 'wise judicial administration' is such that in appropriate instances a district
2  court may avoid wasteful, repetitive litigation by dismissing an action before it
3  when a parallel suit is pending in another court.") (quoting *Colorado River*, 424
4  U.S. at 817-18); *Daniel v. Lafler*, 2006 WL 1547772, *1 (E.D. Mich. 2006)
5  (dismissing second petition as "duplicative").

   Petitioner may discharge the Order to Show Cause by simply filing a document stating that he intended that the Second Petition be treated as a First Amended Petition in *Maes I* and that he wishes to dismiss the Second Petition in the instant case.

   ***Petitioner is advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will deem the Second Petition to be a First Amended Petition in Maes I and recommend that the District Court dismiss the Second Petition without prejudice in the instant case.***

DATED: September 1, 2009

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

3